IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAMSTEIN CUMBERLAND MUSIC GROUP, ) <br> HOWLIN' HITS MUSIC, INC., HAMSTEIN ) <br> CUMBERLAND MUSIC COMPANY, ) <br> BH ASSOCIATES, INC., D/B/A/ HAMSTEIN ) <br> MUSIC COMPANY, AND BILL HAM, ) <br>    ) <br> Plaintiff, ) <br>    ) <br> vs. ) <br>    ) <br> ESTATE OF JERRY LYNN WILLIAMS ) <br> AND LORELEI WILLIAMS, ) <br>    ) <br> Defendant. ) | Case No. 06-CV-63-GKF-PJC |

## OPINION AND ORDER

This matter comes before the court on the plaintiffs' Motion in Limine to Disqualify Defendant's Expert Witness [Dkt. # 247] and Strike Expert's Report [Dkt. # 249].

This is a case presenting issues of alleged fraudulent transfers under the Oklahoma Uniform Fraudulent Transfer Act ("UFTA"), Okla. Stat. tit. 24 § 112, *et seq.* Defendant Lorelei Williams proposes to call at jury trial Mr. Jerry Perigo, a local "attorney, mediator and divorce consultant," as an expert witness.

Mr. Perigo's Expert Report declares, in relevant part:

> 3. It is my preliminary (and likely, my ultimate) opinion that the division of property and other financial aspects of the Williams divorce were fair and reasonable to both parties, particularly in light of the circumstances they faced at the time. I find no indicia of fraud or purposeful concealment of assets by Jerry Lynn Williams.
> . . .
> Further, it does not appear that any fraudulent transfer occurred in or through the property division for the following reasons:
> . . .
> 7. There was no indication [sic] evidence that the division of property in the divorce case was contrived with the actual intent to hinder, delay or defraud a creditor, to make a *prima facie* case.

[Dkt. # 238, pp. 4-5].

After reviewing the briefs, the court concludes Mr. Perigo's expert report should be stricken. *See Montgomery v. Aetna Casualty & Surety Co.,* 898 F.2d 1537, 1541 (11th Cir.1990) (a witness may not testify as to the legal implications of conduct; the Court must be the jury's only source of law). *Floyd v. Hefner*, 556 F.Supp.2d 617 (S.D. Tex. Houston Div. 2008) (lawyer with twenty years of specialized experience could not testify as to ultimate issue as to whether directors violated their fiduciary duties or were negligent, grossly negligent, or reckless in approving transaction); *Konikov v. Orange County, FL*, 290 F.Supp.2d 1315 (M.D.Fla. 2003) (barring testimony of attorney as to legal implications of conduct). However, certain facts contained therein may be admissible. *See Askanase v. Fatjo*, 130 F.3d 657 (5th Cir. 1997) (holding exclusion of lawyer's testimony as expert witness was proper, inasmuch as proposed testimony regarding whether and to what extent corporation's officers and directors breached their fiduciary duties was legal opinion that decided fact issue properly resolved by jury, but that lawyers may testify as to legal matters when those matters involve questions of fact).

As for testimony at trial, Mr. Perigo may not testify as to his opinion of the Williams' compliance with the UFTA, its elements or terms, or the sufficiency of facts to support a *prima facia* case under the act. Mr. Perigo will not be allowed to testify as an expert on any legal conclusion. *See Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357 (7th Cir. 1990) (holding as harmful error lower court's permission of lawyers to testify as expert witnesses as to meaning of legal term); *Marx & Co., Inc. v. Diners' Club Inc.*, 550 F.2d 505 (2nd Cir. 1977) (reversing lower court's error of permitting expert witness to give his opinion as to legal obligations of parties under a contract). A review of the caselaw indicates that lawyers may testify as expert witnesses as to certain matters.

The court cannot conclude at this juncture that the proposed expert should be disqualified from submitting *any* testimony in this matter.

WHEREFORE, Plaintiffs' Motion in Limine to Disqualify Defendant's Expert Witness [Dkt. # 247] is granted in part and denied in part, and Plaintiff's Motion to Strike Expert's Report [Dkt. # 249] is granted.

IT IS SO ORDERED this 3rd day of October, 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma